USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/9/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
NATHANIEL PENDERGRASS,                        :
                                              :
                              Plaintiff,      :
                                              :
                  -against-                   :     16-CV-3024 (VEC)
                                              :
                                              :     OPINION AND ORDER
ANDREW M. SAUL, COMMISSIONER,                 :
  SOCIAL SECURITY ADMINISTRATION,             :
                                              :
                              Defendant.      :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

On April 22, 2016, Plaintiff Nathaniel Pendergrass commenced this action against the then-Commissioner of Social Security, Carolyn Colvin, challenging the denial of his application for Social Security benefits. Plaintiff's counsel, Christopher James Bowes, seeks attorney's fees in the amount of $8,000 pursuant to the Social Security Act, 42 U.S.C. § 406(b). For the reasons set forth below, the Court awards attorney's fees and costs to Bowes in the amount of $8,000, less a setoff of $1,874.16 for fees previously received pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for a net award of $6,125.84.

## BACKGROUND

On December 31, 2012, Plaintiff applied for disability benefits for an alleged disability as of October 20, 2012, due to lower extremity venous insufficiency and varicose veins. Decl. of Christopher James Bowes ("Bowes Decl.") ¶ 4, Dkt. 20. After his claim was denied, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* ¶ 5. By decision dated November 24, 2014, the ALJ denied Plaintiff's claim, finding him capable of medium work. *Id.* ¶ 7. Plaintiff petitioned the Appeals Council for review; the Appeals Council denied review on February 17, 2016. *Id.* ¶ 8.

Plaintiff retained Mr. Bowes to represent him in this civil action on a contingency fee basis of 25% of any past due Social Security benefits awarded.  *See* Bowes Decl., Ex. A.  On April 22, 2016, Mr. Bowes initiated an action on Plaintiff's behalf for federal court review of the decision by the Social Security Administration ("SSA") denying Plaintiff benefits.  *See* Compl., Dkt. 1.  On October 3, 2016, the parties agreed to remand the action to the Commissioner of Social Security for further administrative proceedings.  *See* Stip. & Order of Remand, Dkt. 11.  On February 7, 2017, the parties agreed that the Commission would pay Mr. Bowes attorney's fees pursuant to the EAJA in the amount of $1,874.16.  *See* Stip. & Order, Dkt. 18.

On February 22, 2019, the ALJ again denied Plaintiff's request for benefits.  Bowes Decl. ¶ 15.  Plaintiff submitted a request for review, and, on July 28, 2020, the Appeals Council vacated the ALJ's decision and determined that Plaintiff was entitled to disability benefits as of his December 2012 application.  *Id.*  In a Notice of Award dated August 11, 2020, the SSA informed Plaintiff that it was withholding $27,281.75 from Plaintiff's award of $109,381 in past due benefits in order to pay Plaintiff's attorney's fees.  *See* Bowes Decl., Ex. C.

Plaintiff filed the instant motion for attorney's fees on August 28, 2020.  *See* Dkt. 19.  In a supporting declaration, Bowes represents that he spent 11.7 hours working on this case in federal court.  *See* Bowes Decl. ¶¶ 13, 23.  Bowes' request for $8,000 in attorney's fees is well below the 25% contingency fee agreed to between Plaintiff and Bowes and yields a *de facto* hourly rate of $683.76.  *See id.* ¶ 25.

In support of the motion for attorney's fees, Bowes provided the Court with the following: (1) the retainer agreement pursuant to which Plaintiff agreed to pay Bowes a fee equal to 25% of any award of past due benefits; (2) an itemized bill of hours for the case; (3) a letter from the SSA approving Plaintiff's Social Security benefits; and (4) a declaration providing,

among other information, counsel's credentials in the field of Social Security disability cases. *See id.* The Commissioner has not responded to Bowes' motion for attorney's fees.

## LEGAL STANDARD

Section 406(b) of the Social Security Act states that when a disability claimant succeeds in federal court, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). To the extent a contractual contingency fee arrangement exists, courts must look first to the agreement to assess its reasonableness. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807–08 (2002) ("§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."); *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) ("[T]he district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.")

Courts in this district generally assess three factors when considering whether the fee sought is reasonable in light of the services rendered: "1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case, the so-called 'windfall' factor." *Valle v. Colvin*, No. 13-CV-2876, 2019 WL 2118841, at *2 (S.D.N.Y. May 15, 2019) (quoting *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 322 (S.D.N.Y. 2007)); *see also Gisbrecht*, 535 U.S. at 808. Courts also look to "whether there has been fraud or overreaching in making the agreement." *Wells*, 907 F.2d at 372.

3

## DISCUSSION

The agreement between Plaintiff and Bowes is reasonable on its face, as it provides for Plaintiff to pay Bowes a fee equivalent to "25% of all retroactive or past due social security disability benefits awarded to [Plaintiff]."  Bowes Decl., Ex. A; *see also Gisbrecht*, 535 U.S. at 803 (finding that most agreements specify the fee as 25% of any past-due benefits).  Further, the record is devoid of any evidence that the contingency fee agreement was the product of fraud or overreaching, nor have there been any allegations to that effect.

In seeking an attorney's fee award of $8,000 pursuant to § 406(b), Bowes seeks an amount that is significantly less than the 25% of the past-due Social Security benefits awarded to Plaintiff, and to which Bowes was entitled under the contingency fee agreement.  *See* Bowes Decl., Exs. A, C.  The character of the representation and the results achieved both militate in favor of approving the requested fee amount.  Bowes represents that he has over 25 years of experience litigating Social Security cases, during which time he has represented thousands of claimants.  *See* Bowes Decl. ¶ 29.  Because the Commissioner offered to remand this action before any opportunity for briefing on a motion for judgment on the pleadings, Bowes did not have an opportunity or the need to demonstrate his experience and legal acumen.  Bowes' representation was nonetheless successful in securing Plaintiff his past-due benefits.  Additionally, while it took over four years for Plaintiff to receive his benefits, this delay was in no way attributable to Bowes; he was not responsible for delays in the proceedings that might have artificially increased Plaintiff's past-due benefits and Bowes' potential attorney's fee.

Finally, the Court finds that Bowes' requested fee does not constitute a windfall to counsel.  In seeking $8,000 for 11.7 hours of work on Plaintiff's behalf, Bowes seeks an award at an hourly rate of $683.76.  *See id.* ¶ 25.  While significant relative to the hours worked and to Bowes' standard rate, *see id.* ¶ 31, this amount falls well within the range of awards deemed

4

"reasonable" and found not to constitute a windfall under § 406(b).  *See Bate v. Berryhill*, No. 18-CV-1229, 2020 WL 728784, at *3 (S.D.N.Y. Feb. 13, 2020) (finding reasonable an hourly rate of $1,506.32); *Mills v. Berryhill*, No. 15-CV-5502, 2019 WL 1507923, at *2 (E.D.N.Y. Apr. 5, 2019) (approving award with equivalent hourly rate of $1,007.78); *Kazanjian v. Astrue*, No. 09-CIV-3678, 2011 WL 2847439, at *2 (E.D.N.Y July 15, 2011) (accepting award equivalent to hourly rate of $2,100).  In light of the positive result for his client, the risk of loss assumed in taking Plaintiff's case on a contingency basis, and the fact that Bowes seeks significantly less than the statutory maximum, the Court finds that Bowes' requested fee is reasonable.  Thus, Bowes' motion for $8,000 in attorney's fees, less the $1,874.16 in EAJA fees already received, is granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's counsel's motion is GRANTED, and attorney's fees are awarded in the amount of $8,000, less a setoff of the $1,874.16 in EAJA fees already received, for a sum total of $6,125.84.

**SO ORDERED.**

Date:  October 9, 2020
 New York, New York

                                           **VALERIE CAPRONI**
                                           **United States District Judge**

5